UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SONIA BERMAN,                                         :

                                    Plaintiff,        :

                    -against-                         :

KATHLEEN SEBELIUS AS SECRETARY    :
OF THE DEPARTMENT OF HEALTH AND
HUMAN SERVICES,                                       :

                                    Defendant.        :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

13-CV-4513 (KNF)

### Introduction

Sonia Berman commenced this action against Kathleen Sebelius, Secretary of the

Department of Health and Human Services, seeking review of the April 30, 2013 decision by the

Medicare Appeals Council ("MAC"), upholding the administrative law judge's ("ALJ") August

26, 2011 decision, which found that the termination of Medicare coverage for the plaintiff's

home-health services, as of January 31, 2008, was proper.  Before the Court are the parties'

respective motions for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure.

### Procedural History

The plaintiff is a recipient of Medicare, the federal health insurance program for the aged

and disabled, governed by Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll.

From November 27, 2007, to January 25, 2008, the plaintiff received home-health-aide services,

including physical therapy, from Americare CSS, a home-health agency.  Medicare coverage for

those services was terminated, as of January 31, 2008.  The decision to terminate coverage was

upheld by a qualified improvement organization, IPRO, on March 22, 2008.  The plaintiff

appealed.  On November 5, 2008, the ALJ determined that the termination of Medicare coverage

for the services was proper.  The MAC affirmed the ALJ's decision, on May 6, 2009.

Thereafter, the plaintiff commenced an action in this court.  The parties reached an

agreement resolving their dispute, and a stipulation and order was approved by the judicial

officer to whom the matter was assigned, on February 14, 2011.  The parties agreed that the

action should be dismissed and remanded to the MAC, pursuant to sentence four of 42 U.S.C.

§ 405(g).  The February 14, 2011 stipulation and order directed the MAC to remand the case to

an ALJ, with an instruction that the "ALJ will hold a hearing and issue a new decision in

connection with Plaintiff's 2008 claim for Medicare reimbursement.  Plaintiff may submit to the

ALJ any additional relevant evidence that supports her claim.  If, on remand, the ALJ's

determination is unfavorable to plaintiff, she may seek further administrative review consistent

with the Secretary's regulations."

On July 6, 2011, a video-teleconference hearing was held.  The plaintiff participated in

the hearing, with counsel; Americare CSS failed to participate in the hearing.  On August 26,

2011, the ALJ found that Medicare coverage of the plaintiff's home-health services was

terminated properly.  On April 30, 2013, the MAC determined that no basis existed for changing

the ALJ's decision and denied the plaintiff's request for attorney's fees.

### The ALJ's August 26, 2011 Decision

The issue before the ALJ was "whether the home agency, Americare [CSS], properly

terminated Medicare covered home health service for the beneficiary as of January 31, 2008."

The ALJ noted that "[t]he record reflects that Medicare coverage ended on January 31, 2008,

because the beneficiary no longer required Medicare covered home health services, and was no

longer receiving, skilled home health services, specifically physical therapy services."  The ALJ

stated:

> Until her discharge, the beneficiary required and received both physical therapy and
> home health aide visits.  These services were covered by Medicare. Physical therapy
> was discontinued on January 31, 2008, and the record does not reflect that the
> beneficiary received skilled services after that point.   To qualify for Medicare
> coverage of home health services, a beneficiary must be in need of skilled services,
> among other requirements.  S*ee*, 42 U.S.C. §§ 409.42(c) and 409.44.

The ALJ considered the plaintiff's medical record before him, including: (a) notes and the

discharge evaluation of the plaintiff's physical therapist, Wally Oni; (b) the original certification

and plan of care, signed by Dr. Jonathan Selzer, for the period from November 26, 2007, to

January 24, 2008; (c) a supplemental physician's order form by the plaintiff's primary care

physician, Dr. Eileen Callahan ("Dr. Callahan"), effective January 25, 2008; (d) the February 11,

2008 and March 19, 2008 letters from Dr. Callahan; (e) documents from the home-health

agency; and (f) "a chart that compares the beneficiary's functioning at the February 15, 2008,

evaluation with the dates (ranging from December 7, 2008 to January 18, 2008) when she

achieved that level of functioning."   The ALJ concluded: "As the record does not demonstrate

that the beneficiary required skilled home health services, specifically physical therapy services

as of January 31, 2008, the termination of Medicare coverage for home health services effective

January 31, 2008 was appropriate."

Thereafter, the ALJ considered the plaintiff's argument, stating: "Specifically, the

appellant has argued that the beneficiary satisfied all three criteria under 42 C.F.R. §

409.44(c)(2)(iii), and that further physical therapy services were reasonable and necessary."  The

ALJ noted, in a footnote, that his "analysis is based on the Code of Federal Regulations in effect

on January 31, 2008."  In analyzing 42 C.F.R. § 409.44(c)(2)(iii), the ALJ found that: (1) the

record does not show, "at the time of discharge and termination of the home health services[,]

that there was an expectation that the beneficiary's condition would improve materially in a

reasonable (and generally predictable) period of time based on the physician's assessment of the

beneficiary's restoration potential and unique medical condition in accordance with 42 C.F.R.

§ 409.44(c)(2)(iii)"; (2) "[b]ased on the medical documentation in the record, there is no

indication that the physical therapy services were necessary to establish a safe and effective

maintenance program required in connection with a specific disease," and the physical therapist

indicated, at discharge, that he "did not believe further instruction or maintenance, which

required the skills of a physical therapist were required"; and (3) "[t]he record contains no

medical evidence which indicates that the beneficiary required physical therapy to establish a

maintenance program or to perform a maintenance program."  The ALJ stated:

> Based upon the objective clinical evidence regarding the beneficiary's individual need for care, the record does not show the beneficiary required continued skilled services in accordance with the Medicare guidelines, thus the termination of home health services effective January 31, 2008 was appropriate.  Without some Medicare covered skilled services being required or provided, Medicare cannot cover home health services.  Dependent services, including home health aide services, are covered by Medicare only if the beneficiary needs skilled nursing care on an intermittent basis or qualifying skilled rehabilitation.  42 CFR § 409.45.  Home health coverage is not available to a beneficiary who is no longer receiving skilled services.  42 CFR §§ 409.42 & 409.44.  Dr. Berman has noted that the cessation of home health aide services required her to move to a senior apartment.  Although the beneficiary may have benefitted from ongoing home health aide visits, this service is not covered by Medicare unless provided in conjunction with some type of skilled rehabilitation or nursing services.  Additionally, the payment to aides and further request for reimbursement of expenses by appellant were not for Medicare reimbursable services.  Furthermore, there is no basis in Medicare Statutes or Regulations for an Administrative Law Judge to order the Department to pay a beneficiary's attorney fees.  The request for payment of attorney's fees is denied.

Accordingly, the ALJ concluded that termination of the plaintiff's benefits as of January 31,

2008, was proper, because "the record does not show the beneficiary required continued skilled

services in accordance with the Medicare guidelines."

### *The Plaintiff's Appeal of the ALJ's August 26, 2011 Decision*

The plaintiff appealed, asserting that the ALJ misapplied 42 C.F.R. § 409.44(c)(2)(iii), and she was entitled to ongoing care under that provision, because: (a) her condition would have continued to improve in a reasonable and generally predictable period of time; and (b) she required continued skilled services to establish and perform a safe and effective maintenance program. The plaintiff contended that the ALJ failed to give adequate and proper weight to the evidence presented and failed to ensure that the record was developed fully.

### *The MAC's April 30, 2013 Decision*

On April 30, 2013, the MAC issued a "Notice of Decision of Medicare Appeals Council," stating: "The Council reviews the ALJ's decision *de novo*, 42 C.F.R. § 405.1108(a). The Council will limit its review of the ALJ's action to the exceptions raised by the party in the request for review, unless the appellant is an unrepresented beneficiary. 42 C.F.R. § 405.112(c)." The MAC granted the plaintiff's request to admit additional exhibits into the record. The MAC noted that it would address the plaintiff's arguments that the ALJ: (1) "failed to give adequate and proper weight to the evidence presented"; (2) "failed to ensure that the record was fully developed"; and (3) "misapplied the applicable regulations at 42 C.F.R. § 409.44(c)(2)(iii)." The MAC also stated that it would consider the plaintiff's: (a) "supplemental letter to the Council, dated November 5, 2012," in which the plaintiff "notes that a proposed settlement agreement has been reached in a class action lawsuit against the Secretary in *Jimmo v. Sibelius* [sic] and asserts that the *Jimmo* settlement agreement authorizes coverage for the beneficiary's home health services"; and (b) request for "an award of attorney's fees pursuant to the *Jimmo* settlement agreement."

The MAC rejected the plaintiff's argument that the treating physician rule applies to determining coverage of services billed to Medicare because the statute provides that "no presumptive weight should be assigned to a treating physician's medical opinion in determining the medical necessity of inpatient hospital or skilled nursing facility services," and a physician's opinion is evaluated in the context of the evidence in the complete administrative record. The MAC found that the treating physician rule does not apply here "by omission or implication," and "the ALJ acted in accordance with the applicable legal authority by considering the beneficiary's allegations of forged signatures and discrepancies in light of the entire medical record." The MAC found no merit in the plaintiff's argument that the ALJ erred by failing to develop the record fully because, having submitted the two physician's letters in support of her claim for coverage, the plaintiff, and not the ALJ, "bears the responsibility for documenting the medical necessity of [her] claim for coverage."

In addressing the plaintiff's argument that the ALJ misapplied 42 C.F.R. § 409.44(c)(2)(iii), the MAC noted that "coverage for continued home health services is not solely based on meeting the requirements of that subsection," because the "regulations at 42 C.F.R. § 409.44(c)(2) specify that in addition to subsection (iii), subsection (i) through (iv) must also be met." The MAC stated that "subsection (iii) must be considered in the context of subsection (ii), which means that any covered physical therapy services ultimately must require the skills of a qualified therapist regardless of the beneficiary's potential for improvement, or the importance of a particular service to a patient, or the frequency with which it must be performed." The MAC stated that "[t]he issue in this case is not whether the beneficiary continued to need physical therapy as the beneficiary asserts, but whether the beneficiary continued to need a *skilled* physical therapist to perform or supervise continued physical therapy." The MAC

6

concluded that "[t]he record here does not show that the beneficiary was in need of skilled

physical therapy services." Accordingly, the MAC concurred with the ALJ's determination that

termination of Medicare-covered skilled physical therapy services was appropriate, and found

that, "[i]n addition, Medicare coverage is not available for dependent services, such as the home

health aide services at issue, where there is no qualifying skilled service."

The MAC addressed the plaintiff's argument that the *Jimmo* settlement authorizes

coverage for her:

> As a brief background, the *Jimmo* settlement agreement arose from the case of
> *Jimmo v. Sebelius*, in which the plaintiffs-beneficiaries brought a class action lawsuit
> in the U.S. District Court for the District of Vermont and alleged that Medicare
> claims involving skilled care (e.g. the skilled nursing facility and home health) were
> being inappropriately denied by contractors based on a rule-of-thumb "Improvement
> Standard" – under which a claim would be summarily denied due to a beneficiary's
> lack of restoration potential. The Court never ruled on the validity of the *Jimmo*
> plaintiffs' allegations, and instead approved a final settlement agreement between the
> plaintiffs and the Secretary on January 24, 2013. In the settlement agreement, the
> Secretary agreed to revise relevant portions of the MBPM [Medicare Benefit Policy
> Manual] to clarify the agency's longstanding policy that coverage for skilled services
> is not predicated on the beneficiary's restoration potential, but on the beneficiary's
> need for skilled care. The *Jimmo* settlement agreement however does not represent
> an expansion of coverage and indeed, it clearly specifies that "[n]othing in this
> Settlement Agreement modifies, contracts, or expands the existing eligibility
> requirements for receiving Medicare coverage." As discussed in the preceding
> section, although the beneficiary here may have needed non-skilled care to improve
> or maintain her level of function, the record does not demonstrate that the
> beneficiary needed *skilled* care for such purposes. The regulation at 42 C.F.R. §
> 409.44(c)(2)(ii), unaffected by the *Jimmo* settlement agreement, emphasizes this
> point when it provided that "[s]ervices that do not require the performance or
> supervision of a physical therapist . . . are not considered reasonable or necessary
> . . . even if they are performed by or supervised by a physical therapist." The
> Council finds that the termination of coverage in this case is consistent with the
> provisions in the *Jimmo* settlement agreement and therefore finds that the
> beneficiary's argument here presents no basis for changing the ALJ's decision.

The MAC rejected the plaintiff's request for attorney's fees, finding that no authority exists to

award the fees, and "the award of attorney's fees in *Jimmo* was made pursuant to a settlement

agreement between both parties in that case, but there is no settlement agreement pertaining to fees incurred in the beneficiary's appeal following the federal district court remand in this case." The MAC found no basis to change the ALJ's decision, adopting it.

***Plaintiff's Contentions***

The plaintiff contends that the MAC's decision rests improperly on findings not made by the ALJ, namely that the plaintiff "failed to meet the requirements of 42 C.F.R. § 409.44(c)(2)(ii) in that Plaintiff's service did not require a skilled physical therapist to be provided to her." According to the plaintiff, the MAC's decision must be reversed because the MAC exceeded "the scope of its permitted review," under 42 C.F.R. § 405.112(c), when it "decided to address an argument not addressed by the ALJ, nor addressed by Plaintiff in her submissions to the MAC, as to whether Plaintiff required skilled service pursuant to 42 C.F.R. § 409.44(c)(2)(ii)." The plaintiff contends that "by making these findings not included in the determination of the ALJ, the MAC was able to avoid the import of the *Jimmo* settlement on this matter," inappropriately. The plaintiff asserts that the MAC and the ALJ failed to adhere to the treating physician rule — notwithstanding that it has not been extended to Medicare benefit proceedings — when it gave greater weight to "Americare progress notes than to the medical opinion of Dr. Callahan, Plaintiff's physician." The plaintiff maintains that the MAC and the ALJ failed to obtain a complete record because the "ALJ explicitly stated in his 2011 decision that the record lacked medical records or chart notes from Dr. Callahan," but proceeded to make "a decision based, in part, on the absence of these records, claiming that there was no substantiation for her claim that Plaintiff would decline if the services were terminated." According to the plaintiff, she was entitled to ongoing skilled services under 42 C.F.R. § 409.44(c)(2)(iii), because she had an expectation of material improvement and skilled services

were necessary to establish and perform a safe and effective maintenance program.  The plaintiff

asserts that the ALJ and the MAC relied, improperly, on contradicted, inconsistent and

incredible evidence, and they failed to address appropriately the credibility of documents upon

which they relied.  The plaintiff requests a further hearing on damages and attorney's fees,

"[s]hould the Court grant . . . reversal," and "that the Court order supplemental briefing to

address Plaintiff's request for expenses she incurred as a result of the premature termination of

her services and the legal fees incurred in prosecuting the instant appeal."

***Defendant's Contention***

The defendant contends that the MAC did not exceed its review authority because the

regulations "permit the MAC to issue a new, independent decision based on the entire record,"

under "42 C.F.R. § 405.1140(a) and (b)(3)"; thus, "the MAC acted within its regulatory authority

when it issued a new decision that not only dealt with the same issues before the ALJ, but

addressed additional issues raised by plaintiff, including whether the matter of *Jimmo v. Sebelius*

was applicable."  The defendant asserts that the MAC determined correctly that Medicare

coverage was terminated properly because coverage is not available where skilled service is not

required, which is what the MAC decided "[i]n addition to adopting the ALJ's rationale

regarding coverage."  According to the defendant, the MAC's and the ALJ's decisions are

supported by substantial evidence justifying the termination of Medicare-covered services.  The

defendant asserts that "the ALJ's findings under § 409.44(c)(2)(iii) were also proper," and the

plaintiff's argument that the MAC and the ALJ "erred by not applying the Commissioner of

Social Security's regulation regarding treating source opinions to the claim in question" is

unfounded.  The defendant contends that the plaintiff is not entitled to attorney's fees or money

damages, for which no support in the Medicare Act or the accompanying regulations exists.

*Plaintiff's Reply*

The plaintiff contends that the defendant's oversized memorandum of law in opposition to her motion should be stricken as it exceeds the permitted twenty-five page limitation. She asserts that the regulation on which the defendant relies, 42 C.F.R. § 405.1140, does not apply here because it does not reference "a remand to the Secretary based on an agreement of the parties," which was the case here. The plaintiff maintains that in her case, the court "did not remand this matter for further consideration, but remanded the matter to the ALJ for 'proceedings' and for the ALJ to 'hold a hearing' with new evidence being presented. This requirement, wholly related to a settlement agreement, renders 42 C.F.R. § 405.1140 inapplicable." Moreover, since "the ALJ never mentioned or addressed 42 C.F.R. § 409.44(c)(2)(ii), Plaintiff did not need to address this point before the MAC," because from the plaintiff's perspective, "there was no dispute as to Plaintiff having satisfied the criteria therein," and the only issue before the ALJ was whether the plaintiff met 42 C.F.R. § 409.44(c)(2)(iii). The plaintiff contends that the *Jimmo* settlement is applicable to her case. She maintains:

> The original decision of the ALJ explicitly relied upon a finding that Plaintiff did not satisfy an improvement standard. . . . Application of this standard, which had no basis in statute or regulations, was what the *Jimmo* settlement specifically precluded. In order to circumvent the *Jimmo* settlement, after returning this case to the ALJ following the original settlement of this matter, the ALJ created a new rationale upon which to deny Plaintiff's appeal. When that rationale was demonstrated to be flawed before the MAC, . . . . the MAC created yet a different basis upon which to deny Plaintiff's appeal. Defendant cannot continue to change the rationale for denying Plaintiff coverage for services when each theory it espouses turns out to be flawed.

The plaintiff asserts that she required skilled physical therapy and the defendant erred in failing to apply the treating physician rule. The plaintiff maintains that she is entitled to attorney's fees and damages, because the Social Security Act "incorporates certain provisions of its Title II so

10

that they apply to the Medicare program." Moreover, the plaintiff is entitled to present evidence of her damages.

### Defendant's Reply

The defendant contends that "the controlling regulation, 42 C.F.R. § 405.1138, contains no distinction between remands made by a district court based on its own opinion and remands made and so-ordered, at the request of the parties," and the MAC had the authority to issue a new decision. According to the defendant, "while the ALJ may not have cited 42 C.F.R. § 409.44(2)(ii) specifically in his decision, his basis for the termination of coverage turned on the same reason that the MAC found in its decision – plaintiff did not meet the criteria for establishing coverage of a skilled service under 42 C.F.R. § 409.44(c)(2)." Since "the decision of the MAC in this case is the final decision of the Secretary after remand, . . . the MAC's basis for terminating coverage was proper, conformed to the regulations, and [was] within its authority to decide." The defendant contends that the plaintiff is not subject to relief under the Jimmo v. Sebelius settlement agreement, as found by the MAC, "because her coverage for skilled physical therapy services was not denied on the basis at issue in that case." The defendant asserts:

> As the MAC noted in its decision, the *Jimmo* settlement involved claims for skilled services that were summarily denied by Medicare contractors due to a perceived beneficiary's lack of restoration potential. . . . In other words, the Medicare contractor determined inappropriately that the beneficiary's condition could never be restored and thus denied skilled services on that basis alone. . . . In this case, however, there was no denial of coverage based on a finding that plaintiff had no restorative potential. To the contrary, a Medicare contractor approved two months coverage of skilled physical therapy services for plaintiff through January 31, 2008. Her coverage was terminated not because of a lack of restorative potential, but because she no longer required the services of a skilled physical therapist.

The defendant asserts that Medicare coverage is not available where skilled services are not required, and the plaintiff's claim that the treating physician rule is applicable is unavailing.

The defendant maintains that, in her memorandum of law, the plaintiff requested that the Court order supplemental briefing to address damages and attorney's fees relating to this matter, and in reply, she offers, for the first time, "arguments and law she believes supports [sic] her various claims." According to the defendant, these arguments should be waived because they have been raised for the first time in reply. The defendant asserts that the plaintiff's claim for attorney's fees is speculative, and courts have rejected similar requests for damages related to Medicare.

***Legal Standard***

"When a Federal district court remands a case to the Secretary for further consideration," and the MAC remands a case to an ALJ, "the procedures specified in § 405.1140 will be followed." 42 C.F.R. § 405.1138.

> [W]hen a case is remanded by a Federal district court for further consideration and the MAC remands the case to an ALJ, a decision subsequently issued by the ALJ becomes the final decision of the Secretary unless the MAC assumes jurisdiction. . . . The MAC may assume jurisdiction based on written exceptions to the decision of the ALJ that a party files with the MAC or based on its authority under paragraph (c) of this section. . . . The MAC either makes a new, independent decision based on the entire record that will be the final decision of the Secretary after remand, or remands the case to an ALJ for further proceedings. . . . A party files exceptions disagreeing with the decision of the ALJ. . . . If written exceptions are timely filed, the MAC considers the party's reasons for disagreeing with the decision of the ALJ. If the MAC concludes that there is no reason to change the decision of the ALJ, it will issue a notice addressing the exceptions and explaining why no change in the decision of the ALJ is warranted. In this instance, the decision of the ALJ is the final decision of the Secretary after remand. . . . When a party files written exceptions to the decision of the ALJ, the MAC may assume jurisdiction at any time. If the MAC assumes jurisdiction, it makes a new, independent decision based on its consideration of the entire record adopting, modifying, or reversing the decision of the ALJ or remanding the case to an ALJ for further proceedings, including a new decision. The new decision of the MAC is the final decision of the Secretary after remand.

> 42 C.F.R. § 405.1140(a)-(b).

*Application of Legal Standard*

The MAC's April 30, 2013 Review of the ALJ's August 26, 2011 Decision

The plaintiff contends that the MAC exceeded the scope of its permitted review.  The

defendant challenges that contention, asserting that the regulations permit the MAC to issue a

new, independent decision based on the entire record.

The February 14, 2011 order stated that the parties agreed that the matter be remanded to

the MAC, "pursuant to sentence four of 42 U.S.C. § 405(g)," and that "the MAC shall issue its

own order remanding this case" to an ALJ "for the purpose of conducting further proceedings

relating to Plaintiff's 2008 claim for reimbursement of home health care services."  The order

also directed that, in the case of an unfavorable decision by the ALJ, the plaintiff may seek

"further administrative review consistent with the Secretary's regulations."

The plaintiff is correct that "[n]othing in 42 C.F.R. § 405.1138 references a remand to the

Secretary based on an agreement of the parties."  That is because 42 C.F.R. § 405.1138 applies

to any case remanded by a federal district court to the Secretary for further consideration,

regardless of the nature of the remand.  The regulations governing the MAC review of an ALJ's

decision in a case remanded by a Federal district court are contained in 42 C.F.R. §§ 405.1138

and 405.1140.  Since the February 14, 2011 order was issued by a federal district court and

directed that the matter be remanded to the MAC for "further proceedings," the regulations

governing remand, 42 C.F.R. §§ 405.1138 and 405.1140, apply.  The plaintiff's contention that

the "court here did not remand this matter for further consideration, but remanded the matter to

the ALJ for 'proceedings'" is disingenuous.  The plaintiff cannot have it both ways, agree in the

February 14, 2011 "Stipulation and Order" to remand the case "pursuant to sentence four of

42 U.S.C. § 405(g)," but contend here that the remand regulations do not apply because the court

"did not remand this matter for further consideration." The plaintiff failed to elaborate on the difference between "further consideration," the language contained in the remand regulations, 42 C.F.R. § 405.1138, and "further proceedings," the language contained in the February 14, 2011 remand order.

The Court finds that the MAC April 30, 2013 review of the ALJ's August 26, 2011 decision was a review pursuant to a remand by a federal district court. Accordingly, the MAC committed an error of law by applying erroneous regulations, namely 42 C.F.R. §§ 405.1108(a) and 405.1112©, when it reviewed the ALJ's August 26, 2011 decision, instead of applying the regulations governing remand by a federal district court, 42 C.F.R. §§ 405.1138 and 405.1140.

*Conclusion*

For the foregoing reasons: (1) the plaintiff's motion, Docket Entry No. 21, is granted in part, and the case is remanded to the MAC for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g); (2) the plaintiffs's request for a further hearing on damages and attorney's fees is denied; and (3) the defendant's motion, Docket Entry No. 32, is denied. The Clerk of Court is directed to close this case.

Dated: New York, New York                    SO ORDERED:
       February 11, 2015

                                              *Kevin Nathaniel Fox*
                                              KEVIN NATHANIEL FOX
                                              UNITED STATES MAGISTRATE JUDGE